

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-81,984-02 and -04

### EX PARTE ROYCE WILLIAM TAWATER, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. WRIT08869 and WRIT08871 IN THE 354th DISTRICT COURT FROM HUNT COUNTY[1]

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In the -02 application, Applicant was convicted of aggravated assault with a deadly weapon and sentenced to thirty-four years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Tawater v. State*, No. 06-14-00094-CR (Tex. App.—Texarkana Feb. 4, 2015) (not designated for publication). In the -04 application, Applicant was convicted of unlawful possession of a firearm by a felon and sentenced

---

[1] These are the habeas corpus cause numbers assigned by the Hunt County District Clerk. The trial court cause numbers are 29,310 and 29,503, respectively.

to twenty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Tawater v. State*, No. 06-14-00075-CR (Tex. App.—Texarkana Dec. 10, 2014) (not designated for publication).

In his -02 application, Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because he failed to request a jury instruction on self-defense. In his -04 application, Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because he failed to investigate and present mitigating evidence. The record reflects Applicant was represented by the same lawyer in both trials.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish